---

# IN RE POPE.

PATENTS; PATENTABILITY; REASONABLE DOUBT.

While a patent may not be withheld because of delay authorized by statute, an applicant who has prolonged the prosecution of his application for a period of years so great as to indicate a design to delay final action upon it, knowing that the device covered by the application has gone into public use, is not entitled to demand more than is strictly due him, and under such circumstances the Commissioner of Patents is justified in reversing the ordinary rule by resolving any reasonable doubt against the applicant as to the patentability of his invention.

No. 998. Patent Appeals. Submitted January 12, 1916. Decided February 7, 1916.

HEARING on an appeal from the decision of the Commissioner of Patents rejecting certain claims in an application for a patent.                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Melville Church* and *Mr. A. S. Steuart* for the appellant.

*Mr. William R. Ballard* and *Mr. M. E. Porter* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal by Harry M. Pope is from a decision of the Commissioner of Patents disallowing six claims, of which the following are sufficiently representative:

"1. An internal combustion engine, a generator of continuously maintained periodic alternating current, a fixed igniting device for the charge in said engine in circuit with said generator, and means for isochronizing the instant of attainment of a selected electro-motive force and a predetermined piston position of the engine."

"3. An internal combusion engine, a generator of continuously maintained periodic alternating current, a fixed igniting device for the charge in said engine in circuit with said generator, means for isochronizing the instant of attainment of maximum electro-motive force and a predetermined piston position of the engine, and means for augmenting said electro-motive force."

"5. An internal combustion engine, a generator of continuously maintained period alternating current, a fixed igniting device for the charge in said engine in circuit with said generator, means for operating said generator at a speed bearing a constant ratio to the speed of said engine, and means for changing the relation of the wave peak of said current with respect to a predetermined piston position."

The tribunals of the Patent Office have very carefully and

very satisfactorily stated the reasons for the disallowance of
these claims, and we do not deem it necessary to restate them.
Before the Commisioner, as here, the rule of "reasonable doubt"
was invoked in behalf of the applicant. The Commissioner
said: "It is quite a common practice of the office to resolve any
doubt in favor of an applicant for patent, but there is no rule
of law compelling this, and though doubtless the practice works
well in many cases, a universal application of it is of question-
able wisdom." After stating that the present application was
filed May 10, 1899, that during the first fourteen years its
prosecution was prolonged by the applicant to the fullest extent
permissible under the statute, and that the device has gone into
very wide use, the Commissioner concluded that it would be
unreasonable to resolve in favor of the applicant any doubt
that might exist "on the question whether the production of the
combination claimed involved invention at the time of the filing
of the application." While it does not appear that the Commis-
sioner was of the opinion that a doubt did exist, the applicant
challenges this declaration of policy.

Though it is true that a patent may not be withheld because
of delay authorized by the statute, we agree with the Commis-
sioner that an applicant who has prolonged his application for
a period of years, knowing that the device covered thereby has
gone into public use, is not in a position to demand more than
is strictly due him. In such a situation, the Commissioner
would be fully justified in reversing the ordinary rule by resolv-
ing doubts against the applicant. The statute allowing the ap-
plicant a certain time within which to respond to the action of
the Patent Office was not designed to permit him unduly to
prolong his application. It is inconceivable that so great a
delay as attended the present application could have resulted
other than from design.

The decision is affirmed.                        *Affirmed.*